IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAFAEL GARCIA, et al.      )
                           )
         Plaintiffs,       )
                           )  Case No.: 13 cv 07485
    v.                     )
                           )  Judge Robert M. Dow, Jr.
M.T. Food Service, Inc., et al.,  )
                           )
         Defendants.       )

**MEMORANDUM OPINION AND ORDER**

Rafael Garcia filed this complaint on behalf of himself and others similarly situated, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, as well as the Illinois Wage Payment and Collection Act, 820 ILCS §115/1, *et seq.* Before the Court is Defendants' motion to dismiss [18]. For the reasons stated below, the Court grants Defendants' motion in its entirety.

**I.    Background[1]**

Garcia alleges that Defendants employed him as a truck driver on an hourly basis. He further alleges that he and similarly situated employees worked significantly more than 40 hours a week and that Defendants willfully failed to pay them at the overtime rate pursuant to a practice and policy of non-payment.

---

[1] For the purposes of Defendant's motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

1

## II. Legal Standard On Motion To Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). As previously noted, reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth*, 507 F.3d at 618. To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

## III. Analysis

The Court dismisses the complaint for failure to state a claim. Aside from alleging that Defendants failed to pay Garcia and other similarly situated employees overtime, he alleges no facts—not the terms of the employment agreement, the period of employment, the number of hours worked overtime, or any facts relating to Defendants' alleged pattern or practice of non-payment. In the absence of almost any factual allegations, the complaint is left with little more than boilerplate, failing to give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Garcia has not even filed a response to Defendants' motion to dismiss, and the documents attached to Defendants' reply brief suggest that the absence of a response was not an oversight. The Court accordingly dismisses this case based on the insufficiency of the factual allegations.

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss all counts [18].

Dated: November 17, 2014

_____
Robert M. Dow, Jr.
United States District Judge